UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK D. BELVIN,

        Plaintiff,

v.                                    Case No. 8:08-cv-2301-T-17TBM

MANATEE GLENS HOSPITAL,

        Defendant.

_____

**O R D E R**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff has failed to show that he has met the elements for stating a 42 U.S.C. § 1983 claim.

Discussion

Plaintiff claims that he does not remember the exact date, (but he believes that the event occurred in March), he voluntarily checked himself into Manatee Glens Psychiatric Hospital in Bradenton, Florida, to get a refill of his medication. Manatee Glens Hospital is a private hospital. While Plaintiff was there, an altercation occurred because the hospital determined that he should be "Baker Acted."

Plaintiff was not a prisoner when he checked himself into the Manatee Glens Hospital.  The Department of Corrections records show that Plaintiff was released in July 2007.  Plaintiff is now incarcerated in the Manatee County Jail, but he was not an inmate at the time the events occurred, in March (2008). Plaintiff seeks $20 million in damages.

**Plaintiff's Complaint Does Not Meet the Requirements for a
42 U.S.C. § 1983 Prisoner Civil Rights Complaint**

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and

> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989);  Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Plaintiff fails to meet the elements described above.  First, Plaintiff has not alleged the violation of any constitutional right.  In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court stated that section 1983 was not itself a source of substantive rights, but merely provided a method for vindicating federal rights elsewhere conferred.  510 U.S. at

271. Second, Plaintiff has not shown that Manatee Glens Psychiatric Hospital is a state actor.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

ORDERED at Tampa, Florida, on November 21, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Patrick D. Belvin